

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| RICHARD FRANKLIN BUCK, | ) | CV 11-141-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WARDEN LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) ) ) ) ) | |
| Respondents. | ) ) | |

On January 25, 2012, Petitioner Richard Buck filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Buck is a state prisoner proceeding pro se. Buck argues that his second criminal trial, which followed a mistrial of the first, violated his constitutional protection against double jeopardy and his right to due process.

The matter was referred to Magistrate Judge Lynch under 28 U.S.C. §

1

636(b), and he entered his Findings and Recommendation on January 12, 2012. Judge Lynch noted that, while Buck's claims might be time-barred and/or procedurally barred, the most efficient way to address Buck's claims is to address their merits. *See* 28 U.S.C. § 2254(B)(2); *Lambrix v. Singletary*, 520 U.S. 518, 524–25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983). Judge Lynch recommends concluding that Buck's federal constitutional rights were not violated.

Buck did not object to any portion of the Findings and Recommendation. Thus, the Court reviews the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Court finds no clear error in Judge Lynch's Findings and Recommendation and adopts them in full. Because the parties are familiar with the facts, they are discussed here only as necessary to explain the Court's decision.

**I.     Due Process and Fair Trial**

Buck first alleges that his due process rights were violated and that a second trial could not have been fair because the illicit conversation that the three witnesses had "tainted their credibility, and any testimony they might ever offer,

forever." Judge Lynch correctly noted that, by Mathias's testimony alone, Buck committed at least negligent endangerment against Clary and possibly Atkinson, as well. Mathias was not involved in the conversation at the first trial, which violated the trial court's order. This illicit conversation had no influence on Mathias' testimony, so his testimony was not tainted. Buck was not deprived of a fair trial nor was he denied due process in any other respect. His due process claim therefore fails on the merits.

## II. Double Jeopardy

Buck also claims that his constitutional protection against double jeopardy was violated. Judge Lynch found that, although a "double jeopardy issue is fairly raised" in Buck's case, the facts do not show that the prosecution intended to goad Buck's counsel into moving for a mistrial. As a result, Judge Lynch recommends concluding that Buck's double jeopardy claim fails.

The Double Jeopardy Clause prohibits "repeated prosecutions for the same offense," *Oregon v. Kennedy*, 456 U.S. 667, 671 (1982) (citing *United States v. Dinitz*, 424 U.S. 600, 606 (1976)). Generally, a retrial is permitted when a mistrial is declared at the request of the defendant. *Id.* at 670; *United States v. Jorn*, 400 U.S. 470, 485 (1971). But a second trial is barred when "bad-faith conduct by judge or prosecutor threatens the harassment of an accused by successive

3

prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict." *Dinitz*, 424 U.S. at 611 (internal citations, quotation marks, and parentheses omitted).

Here, the illicit conversations do not trigger double jeopardy protection. There was no "bad-faith conduct by the judge or prosecutor" that caused Buck to move for a mistrial. *Kennedy*, 456 U.S. at 676.

Although the witnesses' conversation at Buck's first trial were flagrantly inappropriate, the facts of the case do not support a finding that the prosecution intended to provoke counsel into moving for a mistrial. Judge Lynch correctly concluded that neither the illicit conversations nor the mistrial trigger double jeopardy protection.

The Court finds no clear error in Judge Lynch's findings and recommendations and adopts them in full. A certificate of appealability is not warranted for Buck's claims. 28 U.S.C. § 2253(c)(2).

IT IS ORDERED that Judge Lynch's Findings and Recommendation (dkt # 8) are adopted in full.

IT IS FURTHER ORDERED that Richard Buck's petition for a writ of habeas corpus (dkt # 1) is DENIED on the merits.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter, by

4

separate document, a judgment in favor of the respondents and against Buck.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 7th day of March 2012.

Donald W. Molloy, District Judge
United States District Court